Filed 3/23/26  P. v. Serpa CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALLAN SERPA,<br><br>    Defendant and Appellant. | B349249<br><br>(Los Angeles County<br>  Super. Ct. No. A093412) |

THE COURT:

Allan Serpa appeals from the order of the superior court denying a successive petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]  Defendant's appointed

---

    [1] Undesignated statutory references are to the Penal Code.

    [2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

counsel found no arguable issues and filed a brief consistent with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Under the standard articulated in *Delgadillo*, we do not undertake an independent review of the record but instead evaluate the arguments that defendant raises in his letter brief. (*Id.* at pp. 231–232.) Finding none of the arguments meritorious, we affirm.

## BACKGROUND

### Facts

#### *The underlying crime*[3]

One morning in the summer of 1985, a concerned neighbor checked on Jean Wildish at her apartment in Santa Monica and found Wildish's bloody body in the apartment's bedroom. Wildish was naked from the waist down and was positioned with her knees on the floor and her head on the bed. An autopsy confirmed that Wildish had died as a result of blunt force trauma to the head. (*Serpa I*, *supra*, B027704.)

Defendant and a friend had planned to rob Wildish's apartment, but when she awoke, either defendant or his friend hit Wildish over the head with a hammer. (*Serpa I*, *supra*, B027704.)

#### *Conviction and appeal*

In April 1987, a jury found defendant guilty of first degree murder, and found true the special circumstance that Wildish was murdered during the commission of robbery and burglary.

_____

For the sake of simplicity, we refer to the section by its new numbering.

[3] The following facts are drawn from this court's unpublished decision in defendant's direct appeal from his conviction. (*People v. Serpa* (June 1, 1988, B027704) [nonpub. opn.] (*Serpa I*).)

2

At that time, the jury was instructed that it could find true the felony-murder special circumstance only if defendant " 'intended to kill a human being or intended to aid another in the killing of a human being.' " He was sentenced to life without the possibility of parole, and his conviction was affirmed on appeal. ( *Serpa I*, *supra*, B027704; *People v. Serpa* (Feb. 24, 2022, B314661 [nonpub opn.] (*Serpa II*); *People v. Serpa* (Nov. 17, 2023, B329545 [nonpub opn.] (*Serpa III*).)

**Procedural Background**

### *Prior petitions for resentencing*

Defendant filed his first petition for resentencing under section 1172.6 in December 2020. The trial court appointed counsel and the People filed a response to the petition. The trial court thereafter summarily denied the petition.

We affirmed the ruling that defendant was not entitled to relief under section 1172.6. (*Serpa II*, *supra*, B314661.) Specifically, we concluded that, at the time of defendant's April 1987 trial, the felony-murder finding made by the jury necessarily included a finding that defendant acted with the intent to kill. (Accord, *Carlos v. Superior Court* (1983) 35 Cal.3d 131 (*Carlos*), overruled by *People v. Anderson* (1987) 43 Cal.3d 1104, 1115.) Because the jury found that defendant personally acted with malice, he was ineligible for relief under section 1172.6 as a matter of law. (*Serpa II*, *supra*, B314661.)

In December 2020, defendant filed a second petition under section 1172.6. The trial court denied the petition, and we affirmed the denial. (*Serpa III*, *supra*, B329545.) We rejected an argument by defendant that, even if the jury's special circumstance finding meant that he acted with the intent to kill, the jury was not required to find that he aided and abetted the

3

killing rather than the underlying felony of robbery. We also rejected his claim that the trial court improperly failed to consider his youth at the time of the offense. (*Serpa III*, *supra*, B329545.)

Defendant filed a third petition for resentencing in October 2024, which the trial court summarily denied. Although defendant appealed from this order, he later requested that the appeal be dismissed, and the request was granted.

### *Defendant's fourth petition for resentencing*

In June 2025, defendant filed a fourth petition for relief under section 1172.6, which he titled an "amended" petition. He argued that, at his trial, the jury was only required to find that he had an intent to kill, not that he acted in furtherance of the actual murder. He also argued that his youth, being 22 years old at the time of the offense, was a relevant factor in determining whether he acted with the requisite intent to kill.

On June 26, 2025, the trial court summarily denied the petition, finding that "[t]he instant petition contains the exact same arguments Petitioner advanced in his previous petitions."

Defendant filed this timely appeal.

### DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.; Stats. 2018, ch. 1015) (SB 1437) eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) The felony-murder rule was amended to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was

4

not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).) SB 1437 also amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 [superseded by statute on another ground as stated in *People v. Oyler* (2025) 17 Cal.5th 756, 836].)

Section 1172.6 is the procedural vehicle by which persons convicted in now-final judgments can seek to vacate convictions that do not satisfy the now-current definition of "murder." A defendant may file a successive petition under section 1172.6 if it is based on new legal authority. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 946–947, 950–951 (*Farfan*); *People v. Jimenez* (2024) 103 Cal.App.5th 994, 1000 (*Jimenez*).) But a defendant is ineligible for relief under section 1172.6 if the record of conviction shows that he or she was convicted under a theory of liability that remains valid after SB 1437's amendments to the law of murder. (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [first degree murder conviction based on direct aiding and abetting with intent to kill is ineligible for section 1172.6 resentencing].)

As noted above, in this appeal from the trial court's denial of defendant's section 1172.6 petition, appointed counsel filed a *Delgadillo* brief. We notified defendant of that filing and gave

5

him leave to file his own brief stating grounds for appellate relief. Defendant filed a letter brief in which he makes two arguments: (1) that he is eligible for relief under section 1172.6 because the record of conviction does not establish that he assisted the killer in committing the murder, rather than just the underlying offenses of robbery and burglary, and (2) that his relative youth is a factor that must be considered in determining whether he held the requisite intent.

We reject both of these contentions. First, it does not appear that defendant can properly raise these claims in what is now his fourth section 1172.6 petition. He has raised substantively identical claims in previous petitions. (*People v. Serpa*, *supra*, B329545; *People v. Serpa*, *supra*, B342181.) Defendant asserts that the law has changed since he filed the prior petitions. But that does not appear to be true. The arguments defendant relies on in this appeal are based on appellate court findings predating earlier section 1172.6 petitions filed by defendant. (See *People v. Kelly* (2024) 105 Cal.App.5th 162 (*Kelly*), review granted Nov. 26, 2024, S287341 [defendant must aid killing, not just underlying felony]; *People v. Pittman* (2023) 96 Cal.App.5th 400 (*Pittman*) [considering youth in examining implied malice]; accord, *Jimenez, supra,* 103 Cal.App.5th 994.)

In any event, even if the arguments defendant makes here are not procedurally barred, they fail on the merits. As to defendant's first argument, there is currently a split of authority on the issue of whether a section 1172.6 petition may be denied at the prima facie stage on the ground that the actus reus of first degree felony murder requires that a defendant who is not the actual killer need only aid in the underlying felony and not in the

6

killing itself.  (See, e.g., *People v. Lopez* (2023) 88 Cal.App.5th 566 [defendant must aid only in underlying felony]; *People v. Morris* (2024) 100 Cal.App.5th 1016, review granted July 17, 2024, S284751 [underlying felony]; *Kelly, supra*, 105 Cal.App.5th 162 [defendant must aid the killing], rev.gr.; *People v. Jackson* (2025) 110 Cal.App.5th 128, review granted June 11, 2025, S290577 [killing].)  The Supreme Court will ultimately decide this issue.

Regardless of how the Supreme Court decides, however, its decision is not reasonably likely to provide defendant an avenue for relief.  That is because the special circumstance instructions given to the jury at defendant's trial could only have resulted in a true finding if defendant at least aided the actual killer in the commission of murder in the first degree as contemplated by section 189, subdivision (e)(2).[4]

The pertinent jury instruction[5] was given as follows:  "To find that the special circumstance referred to in these instructions as murder in the commission of a robbery and/or . . . burglary is true, it must be proved:  [¶] 1. That the murder was committed while the defendant was engaged in or was an accomplice in the commission of a robbery and/or . . . a burglary . . . ; [¶] 2. that the defendant intended to kill a human being or intended to aid another in the killing of a human being; [¶] 3. that the murder was committed in order to carry out or advance the commission of the crime of robbery and/or . . . burglary, or to facilitate the escape therefrom or to avoid detection.  In other

---

[4] Defendant's argument relies on the assumption that he was not the actual killer, a conclusion that is far from clear given the facts laid out in *Serpa I.*

[5] On our own motion, we take judicial notice of the record in *Serpa II, supra,* B314661.

7

words, the special circumstance referred to in these instructions is not established if the robbery and/or . . . burglary was merely incidental to the commission of the murder." (*Serpa II, supra,* B314661.)

Thus, this instruction, read as a whole, required the jury to determine whether the murder and the underlying offense were each a part of a unified course of conduct—that the murder was committed while defendant was engaged in or was an accomplice in the underlying offense; that the murder was committed in order to carry out or advance the commission of, or facilitate the escape from or avoid detection of, the underlying crime; and that the underlying crime was not merely incidental to the commission of the murder. Moreover, the instruction required that the jury determine whether defendant to intended to kill or aid in the killing. Accordingly, the special circumstance could only have been found true if the jury concluded that defendant intended to kill or aid in the killing, and that the killing was a part of, not just incidental to, the underlying offense in which defendant participated. Under these circumstances, the actus reus of the killing was effectively inseparable from the actus reus of the underlying offense, and defendant was necessarily found to have the requisite mens rea. Therefore, regardless of how the Supreme Court decides the issue of whether a section 1172.6 petitioner need aid in the underlying felony or the killing itself, defendant is not entitled to relief.

Turning to defendant's second argument—that his relative youth at the time of the offense must be considered—we reject it for the reasons we did before. As we explained in *Serpa III, supra,* B329545, "Defendant's relative youth may be relevant to recklessness, but the jury here found that he acted with the

8

intent to kill.  Considerations relevant to recklessness are therefore irrelevant, and the failure to analyze irrelevant factors does not entitle defendant to relief."  Defendant's reliance on *Pittman, supra,* 96 Cal.App.5th 400, and *Jimenez, supra,* 103 Cal.App.5th 994, is misplaced.  Both cases involved consideration of convictions involving implied, not express, malice.  (*Pittman* at pp. 416, 418; *Jimenez* at pp. 1000, 1005.)  They are not applicable here.

## DISPOSITION

The trial court's order denying defendant's Penal Code section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

_____
LUI, P. J.          CHAVEZ, J.       RICHARDSON, J.

9